# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**DENNIS CONKLIN**                                                                               **PLAINTIFF**

V.                                     **CASE NO. 5:19-CV-05200**

**SHERIFF SHAWN HOLLOWAY,**
Benton County, Arkansas                                                     **DEFENDANT**

## OPINION AND ORDER

Dennis Conklin filed this case which appears to be the same as, or very similar, to a case he already had pending. The first-filed case is *Conklin v. Holloway,* Case No. 5:19-CV-05190.

By Order entered on October 29, 2019, in this case, Conklin was given until November 19, 2019, to advise the Court whether he wanted to proceed with this case since it appeared to be duplicative of Case No. 5:19-CV-05190. If he did not, he was advised to file a motion to voluntarily dismiss the case by November 19, 2019. If Conklin failed to respond, he was advised that the Court would grant his pending motion to proceed *in forma pauperis* ("IFP") and assess a separate filing fee for this case. Conklin did not respond and has not filed anything with the Court since he filed his Complaint.

As can be seen from Conklin's other case, 5:19-cv-05190, he is no longer incarcerated in the Benton County Detention Center ("BCDC") and has failed to provide the Court with a new address. Mail was returned as undeliverable from the BCDC on October 28, 2019. (Doc. 6). According to the Court's initial Order (Doc. 3), Conklin had 30 days from the date of his transfer or release to notify the Court of his new mailing

1

address.  More than 30 days has passed in Case No. 5:19-CV-05190 and Conklin has not provided the Court with a new address.  To grant the IFP motion in the current case would be an exercise in futility.

However, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Therefore, pursuant to Rule 41(b), this Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** based on Conklin's failure to prosecute this case, his failure to obey the order of the Court, and his failure to comply with Local Rule 5.5(c)(2).  Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** on this 5th day of December, 2019.

/s/ Timothy L. Brooks_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE